Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| LAURA PÉREZ HERNÁNDEZ<br><br>Recurrida<br><br>V.<br><br>DARLENE PÉREZ RAÍCES<br><br>Peticionaria | KLCE202500098 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.:<br>C CU2019-0069<br><br>Sobre:<br>Custodia |

Panel integrado por su presidente; el Juez Rivera Colón, la Juez Lebrón Nieves y el Juez Rodríguez Flores

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 13 de marzo de 2025.

El 3 de febrero de 2025, compareció ante este Tribunal de Apelaciones, la señora Darlene Pérez Raíces (en adelante, parte peticionaria o señora Pérez Raíces), mediante *Certiorari Civil*. Por medio de este, nos solicita que, revisemos la *Resolución* emitida el 16 de enero de 2025 y notificada el 23 de enero de 2025, por el Tribunal de Primera Instancia, Sala Superior de Arecibo. En virtud del aludido dictamen, el foro *a quo*, declaró No Ha Lugar una moción de reconsideración de una *Orden* que dejó sin efecto las relaciones materno-filiales.

Por los fundamentos que expondremos a continuación, se deniega el recurso de *Certiorari*.

**I**

De entrada, nos compete destacar que, esta es la tercera ocasión que la parte peticionaria recurre ante esta Curia dentro del mismo pleito judicial. Adoptamos por referencia el trámite procesal del caso plasmado en la *Sentencia* emitida por este panel el 29 de marzo de 2022, en el caso con designación alfanumérica

Número Identificador

RES2025 _____

KLAN202200078 y en la *Resolución* emitida el 30 de octubre de 2023, en el caso con designación alfanumérica KLCE202301160. Por tanto, nos circunscribimos a reseñar las incidencias procesales ocurridas con posterioridad.

Conforme surge del expediente, el 8 de enero de 2024, la parte peticionaria presentó la *Moción en Solicitud de Custodia*[1]. En esencia, sostuvo que, había cumplido con las órdenes emitidas por el Tribunal de Primera Instancia. A tales efectos, solicitó la custodia de la menor J.Y.M.P. Asimismo, el 15 de mayo de 2024, presentó la *Segunda Moción en Solicitud de Custodia*, donde insistió que se le concediera la custodia exclusiva de la menor.

En desacuerdo con tal solicitud, la señora Laura Pérez Hernández (en adelante, señora Pérez Hernández o parte recurrida) presentó la *Moción en Oposición a Solicitud de Custodia*, en la cual solicitó que se declararan No Ha Lugar las solicitudes de custodia presentadas por la señora Pérez Raíces.

Así las cosas, el 24 de junio de 2024, la parte peticionaria presentó la *Urgente Moción en Solicitud de Vista para Modificar y Ampliar Relaciones Maternofiliales*. Ello con el propósito de que se modificaran las relaciones materno-filiales mientras se ventilaba el caso de custodia.

Por otro lado, el 1 de julio de 2024, la parte recurrida presentó la *Moción en Oposición a Solicitud de Custodia y Ampliación de Relaciones Maternofiliales*.

Mediante *Orden* emitida el 2 de julio de 2024, el foro primario le ordenó a la parte peticionaria que ofreciera una propuesta específica de ampliación de relaciones materno-filiales. Consecuentemente, el 8 de julio de 2024, la señora Pérez Raíces

---

[1] Cabe señalar que, mediante *Resolución* emitida el 1ro de mayo de 2023, y notificada el 18 de mayo de 2023, el Tribunal de Primera Instancia le adjudicó la custodia de la menor J.Y.M.P. a la señora Laura Pérez Hernández, quien es abuela paterna de la menor.

presentó la *Moción en Cumplimiento de Orden*, donde esbozó una propuesta de plan de relaciones materno-filiales.

Subsiguientemente, la parte recurrida presentó la *Moción en Oposición a Petición de Ampliación de Relaciones Maternofiliales*.

El foro *a quo* emitió *Orden* el 12 de julio de 2024, donde determinó lo siguiente:

> LAS RELACIONES CONTINUAR[Á]N SUPERVISADAS POR ABUELA MATERNA HASTA TANTO SE RECOMIENDE TRASLADO POR UNIDAD SOCIAL. INFORME DE SEGUIMIENTO EN CURSO.

Posteriormente, la parte peticionaria presentó la *Segunda Moción en Solicitud para Modificar y Ampliar Relaciones Maternofiliales*. Pese a que expresó que se allanaba a la *Orden* del foro primario, reiteró su solicitud respecto a que se ampliaran las relaciones materno-filiales.

Por su parte, la señora Pérez Hernández presentó la *Moción Reiterando Oposición a Segunda Petición de Ampliación de Relaciones Maternofiliales*. Sostuvo que, no procedía la segunda solicitud de relaciones materno-filiales por motivo de que, la señora Pérez Raíces no había cumplido con la orden emitida el 19 de enero de 2024, ni con la *Resolución* del 1 de mayo de 2024.

El 1 de noviembre de 2024, la señora Pérez Raíces presentó *Moción en Solicitud de Desistimiento Voluntario*. En esencia, alegó haber sido sometida a varios procesos judiciales en el caso de custodia, que eran económicamente onerosos y debilitantes en torno a su capacidad para ejercer una defensa adecuada. Sostuvo que, dichos procesos la habían colocado en un estado de indefensión con indicios de posible pérdida permanente de la custodia de la menor. De igual manera, argumentó que, se le había requerido someterse a evaluaciones y exámenes irrazonablemente, con carga económica que resultaba insostenible. Añadió que, lo anterior, ha impactado directamente su derecho como madre a recuperar la custodia de la

menor. Adujo, además, que, los dictámenes emitidos por el foro recurrido habían sido consistentemente desfavorables para la señora Pérez Raíces, y que ello, denotaba una posible falta de objetividad e imparcialidad, así como prejuicio en su contra. Igualmente, arguyó que, había sido privada de la custodia de la menor sin habérsele concedido la oportunidad de defenderse de manera adecuada, lo cual constituía una clara violación a sus derechos fundamentales y de las garantías procesales otorgadas por ley. Finalmente, solicitó al foro de primera instancia que declarara Ha Lugar su moción y se tuviera por desistida voluntariamente y sin perjuicio la reclamación.

La primera instancia judicial emitió *Orden* el 7 de noviembre de 2024, en la cual ordenó la notificación del Informe Social presentado el 4 de noviembre de 2024, a las representaciones legales de las partes y/o partes por derecho propio, libre de aranceles. Entre otras cosas, le concedió a las partes un término de quince (15) días para que mostraran causa por la cual el foro *a quo* no debía acoger las recomendaciones del Informe Social. Asimismo, dispuso que, si las partes no estuviesen conforme con el Informe Social, presentarían un escrito dentro del aludido término que incluyera las partes específicas del informe con las que tuviesen inconformidad y los fundamentos para tal inconformidad, y si la inconformidad versaba sobre las recomendaciones, así debían indicarlo en el escrito con especificaciones de las cuales no estaban de acuerdo.

El 8 de noviembre de 2024, el Tribunal de Primera Instancia emitió la *Orden* que se transcribe a continuación:

> Atendida la "Moción en solicitud de desistimiento voluntario" presentada por la Sra. Darlene Pérez Raíces a través de su representación legal, el Tribunal resuelve:
>
> - Académico el desistimiento presentado.
>
> - Véase orden para examen de informe social que cambia el estado de derecho en cuanto a la menor y relaciones materno filiales.

- Por otra parte, se extiende término de 15 días al Lcdo. Juan Vázquez Muñoz para mostrar causa al tribunal porque no deba ser sancionado ante las múltiples referencias negativas a la gestión de la autoridad judicial y a la Unidad Social del Tribunal.

El 6 de diciembre de 2024, la parte peticionaria presentó *Moción Solicitando Tiempo Adicional para Impugnar Informe Social Forense y Mostrar Causa.* Por medio de su moción, la parte peticionaria expresó encontrarse inconforme con el Informe Social y su intención de impugnarlo formalmente. A tales efectos, le solicitó al foro primario un término adicional de treinta (30) días para así hacerlo.

Transcurridos varios trámites procesales, innecesarios pormenorizar, el 7 de enero de 2025, el Tribunal de Primera Instancia emitió la *Orden* recurrida, en la cual expresó:

Atendida la "Moción solicitando tiempo adicional para impugnar informe social forense y mostrar causa" presentada por la Sra. Darlene Pérez Raíces a través de su representación legal, el tribunal resuelve:

- Atendido el contenido del informe social se acogen por el Tribunal las recomendaciones de forma provisional hasta que se complete el proceso de impugnación aquí solicitado ya que puede durar varios meses.

- Por tanto, quedan sin efecto las relaciones materno filiales y se extiende término de 30 días para iniciar en ambiente terapéutico.

- Menor se relacionará con abuela materna siempre que la señora Pérez no esté presente.

- La señora Pérez deberá continuar tratamiento sicológico, consejería en adicción. <u>Unidad Social deberá coordinar evaluación siquiátrica</u>.

- Menor deberá continuar terapia sicológica individual.

- Término de 30 días para anunciar perito para impugnación de informe.

- **Vista de Conferencia con Antelación al Juicio y Juicio Impugnación para el 28, 29, 30 de abril y 1 de mayo de 2025 a las 9:00 a.m. presencial.**

En desacuerdo, la parte peticionaria presentó la *Urgente Moción de Reconsideración para que se Deje sin Efecto Orden.*

Finalmente, el foro recurrido emitió *Resolución* el 16 de enero de 2025 y notificada el 23 de enero de 2025, mediante la cual dispuso:

Atendida la "Urgente Moción de Reconsideración para que se deje sin efecto orden" presentada por la Sra. Darlene Pérez Raíces a través de su representación legal, el Tribunal resuelve:

- No Ha Lugar reconsideración.

- La determinación de dejar sin efecto las relaciones materno filiales es una provisional, basada en la investigación social pendiente de impugnación y en el mejor bienestar e interés de la menor.

- En los antecedentes de este caso surge que las relaciones materno filiales se ordenaron supervisadas por abuela materna y todo transcurrió bastante normal sin embargo: el informe narra las manifestaciones de trabajadora social escolar en incidente 21 de septiembre de 2023, las manifestaciones de la Dra. Osorio sicóloga de la menor en torno a relatos de la menor sobre eventos agresión entre madre y abuela materna, uso de drogas y alcohol. Esto, unido a las propias manifestaciones de abuela materna sobre falta de paciencia, uso excesivo de alcohol y agresividad de la Sra. Darlene Pérez Raíces, entre otros elementos a lo largo del informe presentado.

- A los fines de aclarar la orden del 07 de enero de 2025 sobre <u>relaciones materno filiales en ambiente terapéutico solamente</u>, la demandada tiene dos (2) alternativas: coordinar con la sicóloga de la menor para auscultar posibilidad se puedan dar en su oficina o con otro profesional sicológico en acuerdo con la Sra. Laura Pérez Hernández. Quince (15) días informar.

Aún inconforme, la parte peticionaria acudió ante este foro revisor mediante recurso de *certiorari* y esgrimió el siguiente señalamiento de error:

Erró el Honorable Tribunal de Primera Instancia y cometió craso abuso de discreción al paralizar y prohibir las relaciones maternofiliales de la madre de la menor J.Y.M.P. sin otorgar el debido proceso de ley, ni haberse celebrado una vista, sin contar con la información m[á]s completa y variada, acogiendo unas

recomendaciones abstractas de un informe incompleto e inconsistentes a la política pública de la reunificación familiar y sin que la madre tuviera la oportunidad de presentar evidencia, confrontar testigos e impugnar el informe forense.

Por otro lado, el 13 de febrero de 2025, la parte recurrida presentó *Alegato Parte Recurrida*.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

### *El Certiorari*

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[2]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

---

[2] Véase también *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

(C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)   Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F)   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

Por otro lado, a partir del 1 de julio de 2010, se realizó un cambio respecto a la jurisdicción del Tribunal Apelativo para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia mediante recurso de *certiorari*. A tal fin, la Regla 52.1 de Procedimiento Civil, dispone, en su parte pertinente, lo siguiente:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos

esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. (Énfasis Nuestro).
[. . .]

Según se desprende de la precitada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000); *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023).

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla.

**III**

En el recurso ante nuestra consideración, la parte peticionaria esgrime un señalamiento de error, donde sostiene que, la primera instancia judicial incidió y abusó de su discreción al paralizar y prohibir las relaciones materno-filiales de la parte peticionaria sin otorgarle el debido proceso de ley, al no haber celebrado una vista ni contar con información más completa y variada, y al acoger las recomendaciones "abstractas" de un informe incompleto e inconsistentes a la política pública de la reunificación familiar y sin que la parte peticionaria tuviese la oportunidad de presentar evidencia, confrontar testigos e impugnar el informe forense.

De entrada, nos corresponde destacar que, la determinación del foro *a quo* es una *provisional*. Es decir, el Tribunal de Primera Instancia acogió las recomendaciones del Informe Social de **forma provisional**, hasta tanto se completara el proceso de impugnación del mismo. De hecho, surge de la *Orden* recurrida que, el caso de epígrafe tiene señalada Vista de Conferencia con Antelación a Juicio y el Juicio de Impugnación de Informe para los días 28, 29, 30 de abril y 1 de mayo de 2025 a las 9:00 a.m. Por tanto, la señora Pérez Raíces tendrá su día en corte y la oportunidad de presentar prueba respecto a la impugnación del informe y sus recomendaciones.

Cabe señalar que, el Tribunal de Primera Instancia no suspendió de forma definitiva ni completa las relaciones materno-filiales de la parte peticionaria. De la *Resolución* surge que, la parte peticionaria tendrá la oportunidad de ejercer sus relaciones materno-filiales exclusivamente en un ambiente terapéutico, una vez coordine con la psicóloga de la menor o con otro profesional psicológico en acuerdo con la señora Pérez Hernández.

Evaluado el recurso presentado por la parte peticionaria, colegimos que, en ausencia de los criterios expuestos en la Regla 40 del Reglamento de este Tribunal, *supra,* no intervendremos con el

mismo. El señalamiento de error antes reseñado, por los fundamentos aducidos en la petición, no pueden activar nuestra jurisdicción discrecional en el caso de autos. La decisión recurrida no es manifiestamente errónea y encuentra cómodo asilo en la sana discreción del Tribunal de Primera Instancia.

Por otro lado, la parte peticionaria tampoco ha logrado persuadirnos de que nuestra abstención apelativa en este momento y sobre el asunto planteado constituiría un rotundo fracaso de la justicia.[3]

**IV**

Por los fundamentos que anteceden, se deniega la expedición del recurso de *Certiorari*.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[3] Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*